W. F. Flautt and Mary W. Flautt, (Husband and Wife) v. Commissioner.
Flautt v. Commissioner
Docket No. 71839.
United States Tax Court
T.C. Memo 1959-121; 1959 Tax Ct. Memo LEXIS 126; 18 T.C.M. (CCH) 540; T.C.M. (RIA) 59121; June 12, 1959
*126 W. F. Flautt, Tutwiler, Miss., pro se. Jack D. Yarbrough, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in an addition to the petitioners' income tax for the year 1954 in the amount of $289.40. The only question in the case is whether petitioners are liable for addition to tax for the taxable year 1954 under section 294(d) (1)(B) of the Internal Revenue Code of 1939. Findings of Fact Some of the facts were stipulated and they are found accordingly. W. F. Flautt, who will be referred to as petitioner, and his wife, Mary, live in Tutwiler, Mississippi, and they filed their joint income tax return for the year 1954 with the district director of internal revenue at Jackson, Mississippi. They filed a declaration of estimated tax return for the taxable year 1954, with the district director of internal revenue on March 11, 1954 and estimated their income tax liability for that year to be $7,000. One-fourth of this amount, $1,750, was paid with the filing of the estimated tax return. The installments that were due on petitioners' estimated tax on June 15th and September 15th were not *127 paid on those dates. The entire balance of the amount due on petitioners' estimated tax was paid on December 13, 1954. The deficiency involved in the sum of $289.40 results from respondent's determination of additions to the tax under section 294(d)(1)(B), Internal Revenue Code of 1939, in the sum of 5 per cent of the installments due June 15 and September 15, 1954, plus 1 per cent of the unpaid amount of such installments for each month or fraction thereof during which such amounts remained unpaid. [1]
Opinion Petitioner argues his failure to pay the June 15 and September 15, 1954 installments of estimated tax was due to reasonable cause. The statute (section 294(d)(1)(B), I.R.C. of 1939) provides for the additions of 5 per cent of unpaid installments, plus 1 per cent per month until paid "in the case of a failure to pay an installment of the estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, * * *." It is argued by petitioner that the "reasonable *128 cause" for failure to make the installment payments within the time prescribed is to be found in his testimony that he relied implicitly upon the advice of his accountant who handled his income tax work and prepared all of his returns to the effect that he could file an estimated return, pay the first quarter, and then pay the next three quarterly installments at one time before December 15th. The accountant, who had held the fulltime position of Deputy Chancery Clerk of Sumner, Mississippi, for the past 12 years, testified he had prepared petitioner's income tax returns for about 15 years. He was not a certified public accountant and he was not an attorney but he had some tax books and he did income tax work for petitioner and others as a "side line" and he had done general accounting work, prior to his deputy clerk position. His advice to petitioner was that it would be "proper" to file an estimate, pay the first quarterly installment and wait until December 15th to pay the balance. The accountant testified he told petitioner that it would not be "necessary" to make the installment payments on June 15th and September 15th; that he did not advise petitioner that the law did not *129 require such payments on said dates but that he did advise him the law was not enforced. There are cases where reliance upon the advice of a tax advisor has, under certain circumstances, been held to constitute reasonable cause for the taxpayer's failure to file required returns. We need not discuss them for here the advice given petitioner carried clear notice of the requirements of the statute. This is so because it is admitted petitioner was advised of the necessity of making the estimate return and quarterly payments of the amounts estimated. The so-called advice was no more than a recommendation of what petitioner could be expected to "get by with" as to the second and third quarterly payments, based on the advisor's opinion as to a policy of strict or lax enforcement. In effect, petitioner was told the recommended action was not within the law but the chance of escaping the sanctions for noncompliance was good. The take-a-chance reasoning that prompts risk action could not be the statutory "reasonable cause" for noncompliance with the requirements of the statute. We hold for respondent. Decision will be entered for the respondent. Footnotes
1. The Commissioner reduced the installment due June 15, 1954 to $1,669 because of an extra payment of $81.↩